```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                 Civil No. 18-2734 (DSD/BRT)
```

RH Sealcoating & Asphalt
Maintenance, Inc.,

        Plaintiff,

v.                                    **ORDER**

Machinery Tradeoff, LLC.,

        Defendant.

---

    William J. Toulouse, Esq. and Quarnstrom & Doering, P.A., 109 South 4th Street, Marshall, MN 56258, counsel for plaintiff.

    Barry R. Gronke, Jr., Esq. and Stoneberg, Giles & Stroup, 300 South O'Connell Street, Marshall, MN 56258, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Machinery Tradeoff, LLC (MTO) for lack of jurisdiction and improper venue or, alternatively, for transfer to the Southern District of Texas. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion to dismiss.

**BACKGROUND**

This contract and warranty dispute arises out of plaintiff RH Sealcoating & Asphalt Maintenance, Inc.'s purchase of a chip spreader[1] from MTO. RH Sealcoating, located in Lyon County,

---

[1] A chip spreader is a machine used to lay surface treatments for roads. Hook Aff. ¶ 11.

Minnesota, repairs, constructs, and maintains roads, streets, roofs, and other surfaces. Compl. ¶¶ 2-3. MTO, located in Southern Texas, sells used construction machinery and heavy equipment. Lerma Decl. ¶ 3. Magdiel Lerner, a Texas resident, is the sole member of MTO. Id. ¶¶ 1, 6, 8. MTO is not registered to do business in Minnesota, has no offices or employees in Minnesota, does not pay Minnesota taxes, and does not own or lease real property in Minnesota. Id. ¶¶ 5-8. MTO advertises in local newspapers and periodicals, local radio stations, and its website. Id. ¶ 4. MTO also lists inventory on machinerytrader.com, which advertises equipment and machinery for dealers across the country. Hook Aff. ¶ 10.

On April 4, 2018, Roger Hook, CEO of RH Sealcoating, called MTO in Texas to inquire about the chip spreader advertised on machinerytrader.com. Id. ¶¶ 10, 12. Lerner sent Hook an estimate by email for the chip spreader the same day. Id. ¶ 13; id. Ex. 2. Lerner then called Hook "at least twenty (20) times" to encourage him to purchase the chip spreader. Id. ¶ 14. On May 7, Lerner emailed Hook an invoice for the chip spreader with instructions for wiring payment. Id. ¶ 15; id. Ex. 3. Lerner contacted Hook several more times thereafter to see if Hook was going to purchase the chip spreader. Id. ¶ 16. On July 12, Hook agreed to purchase the chip spreader and wired $65,000 to MTO in Texas from RH

Sealcoating's bank in Minnesota.[2]  Id. ¶ 17; id. Ex. 4.  After the sale, Lerner sent Hook several MTO business cards to give to others who may be interested in his services.  Id. ¶ 18.  RH Sealcoating received the chip spreader in late July and soon discovered that the equipment did not work as promised.  Id. ¶¶ 21, 22.  MTO declined to fix the problem and this suit followed.  Id. ¶ 22.

On August 28, 2018, RH Sealcoating filed suit against MTO in Lyon County, Minnesota, alleging breach of contract and breach of warranty.  MTO timely removed and now moves to dismiss for lack of personal jurisdiction or to transfer to the Southern District of Texas based on improper venue.

## DISCUSSION

**I.  Standard of Review**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998).  In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party."  Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991).  A

---

[2]  RH Sealcoating paid the remaining balance of $5,362.50 "separately."  Id. ¶ 17.

federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. See Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak, 384 F.3d at 984 (citation omitted). "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there...." Coen, 509 F.3d at 905 (citation and internal quotation marks omitted).

A forum state has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citation and internal quotation marks omitted). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" Bristol-Myers Squibb Co. v. Superior

4

Court of Cal., 137 S. Ct. 1773, 1781 (2017) (alteration in original) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

## II. Specific Jurisdiction

RH Sealcoating argues that has specific jurisdiction over MTO based on the following contacts: (1) MTO contracted with a Minnesota company; (2) MTO called and emailed RH Sealcoating many times to negotiate the contract and effectuate the sale; (3) MTO sent the chip spreader to Minnesota; and (4) RH Sealcoating wired money from Minnesota to Texas to pay for the chip spreader. Those contacts are insufficient to establish that MTO is subject to specific jurisdiction in Minnesota.

First, the fact that RH Sealcoating entered into a single contract for a product is not enough to confer jurisdiction over MTO in Minnesota. Jacobs Trading, LLC v. Ningbo Hicon Int'l Indus. Co., 872 F. Supp. 2d 838, 843 (D. Minn. 2012).

Second, RH Sealcoating initiated the parties' relationship. See Datalink Corp. v. Perkins Eastman Architects, P.C., 33 F. Supp. 3d 1068, 1073 (D. Minn. 2014) (quoting Coen v. Coen, No. 05–596, 2006 WL 2727219, at *20 (D. Minn. Sept. 22, 2006)) ("[W]hether or not the nonresidential defendant is the aggressor in a transaction is important in assessing" purposeful availment). The fact that MTO later pursued the sale by calling and emailing RH Sealcoating does not make MTO the "aggressor" for purposes of jurisdiction.

Indeed, had RH Sealcoating not inquired about the equipment, it is unlikely MTO would have ever contacted RH Sealcoating.

Third, the parties' communications occurred only via telephone, email, and letter. See Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 523 (8th Cir. 1996) ("Although letters and faxes may be used to support the exercise of personal jurisdiction, they do not by themselves establish jurisdiction."); see also Lucachick v. NDS Americas, Inc., 169 F. Supp. 2d 1103, 1107 (D. Minn. 2001) (explaining that negotiations conducted over the telephone are not enough to confer jurisdiction); KG Funding, Inc. v. Partridge, No. 12-2155, 2012 WL 5904439, at *2 (D. Minn. Nov. 26, 2012) ("[T]he receivers' location alone should not determine specific jurisdiction .... [defendant] purposefully communicated with a resident who lived in Minnesota, but there is no evidence that [he] purposefully availed himself of the Minnesota legal forum.").

Fourth, the fact that MTO sent the equipment to Minnesota is simply part of the contract with RH Sealcoating, and does not itself establish necessary contacts with the state. See Scullin Steel Co. v. Nat'l Ry. Utilization Corp., 676 F.2d 309, 314 (8th Cir. 1982) ("[T]he provision for delivery within the forum state [is a] secondary or ancillary factor[] and cannot alone provide the 'minimum contacts' required by due process."). RH Sealcoating's wire transfer from Minnesota to Texas was likewise part of the

contract between the parties and does not create an additional contact sufficient to establish jurisdiction.[3]

MTO's contacts with Minnesota, even when viewed collectively, are insufficient to establish that MTO purposely availed itself of Minnesota as a legal forum. As a result, the court must grant the motion to dismiss.[4] The court will grant the motion without prejudice, however, to allow RH Sealcoating to re-file the matter in a proper forum.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 10] is granted; and
2. The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 7, 2019

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court

---

[3] MTO's decision to send business cards to RH Sealcoating also does not establish specific jurisdiction because MTO's interest in generating additional sales in Minnesota does not bear on the transaction at issue.

[4] Because the court has determined that it lacks jurisdiction over MTO, it will not consider the venue arguments raised.